Michael K. Brown (SBN 104252)
Email: mkbrown@reedsmith.com
Marilyn A. Moberg (SBN 126895)
Email: mmoberg@reedsmith.com
Michelle L. Cheng (SBN 239711)
Email: mcheng@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendants
Davol Inc., Bard Devices, Inc. and C. R. Bard, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HOWARD HILL,<br><br>                        Plaintiff,<br><br>vs.<br><br>DAVOL INC.; BARD DEVICES, INC.; C.R. BARD; and DOES 1-10, inclusive,<br><br>                        Defendants. | Case No.: 5:16-CV-01759-ODW-KK<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**<br><br>Complaint Filed:    August 17, 2016 |
|---|---|

# [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, during the course of this action, the Parties or others may be required to produce in discovery information that a party or the person or entity from whom discovery is sought considers to be confidential and proprietary information under applicable constitutional and statutory law ("Confidential Information" as further defined below);

WHEREAS, the Parties hereto desire to agree to a protective order for the protection of confidential information during the pendency of this action and thereafter; and

THEREFORE, IT IS STIPULATED that:

1. This Protective and Confidentiality Order ("Protective Order") shall govern confidential, proprietary and other protected information that may be disclosed during the course of *Hill v. Davol, Inc., et al., Case No. 5:16-CV-01759-ODW-KK* ("this Action") by C.R. Bard, Inc., Bard Devices, Inc., and Davol Inc. (collectively, "Defendants") and the individually named plaintiff in this Action ("the Parties").

2. For purposes of this Protective Order, any Party may designate as "Confidential Material" any information reasonably and in good faith believed to be suitable for protection under the Federal Rules of Civil Procedure or other applicable law that is contained in any document, written discovery response, testimony, or other material produced or provided by that Party or its representative(s) to one or more of the other Parties, whether provided voluntarily, pursuant to formal discovery procedures, or otherwise.

3. Any Party may designate a document as Confidential Material by stamping it "Confidential," "Subject to Protective Order" or a substantial equivalent of either of these legends. All pages of any document that bears such a legend are subject to this Protective Order.

4. A Party may designate a document as Confidential Material after such document has been produced to another Party in the course of this Action by noticing each Party of the retroactive designation.

5. If responses to interrogatories, requests for admission, or other written responses to discovery quote, summarize, or contain Confidential Material, the Parties may designate them as Confidential Material by marking the face of any such response with one of the legends set forth in paragraph (3) above and indicating the page and line references of the material that is to be subject to this Protective Order.

6. The Parties may designate the transcript of any deposition in this Action or any portion thereof, including exhibits thereto, as Confidential Material by so advising the court reporter and the Parties on the record during the taking of the deposition. If all or any portion of a deposition is designated as being subject to this Protective Order, the court reporter and any Parties possessing any transcripts shall label the cover page of each transcript or copy thereof to state that the deposition includes Confidential Material, and shall label as confidential each of the pages of the transcript or exhibits that contain Confidential Material. Any such depositions or exhibits that are filed with the Court shall be filed under seal, bearing substantially the following designation: "This portion of the deposition of _____ is subject to the Protective Order of the Court in *Hill v. Davol, Inc., et al.,* United States District Court for the Central District of California, Civil Action 5:16-CV-01759-ODW-KK. This portion of the deposition shall remain sealed until further Order of the Court."

7. Written and oral communications between or among counsel for the Parties that quote from or describe or discuss the contents of Confidential Material automatically shall be subject to this Protective Order.

8. Confidential Material shall be treated by the Parties and their counsel as being confidential and private. Any copy made of Confidential Material shall have the same status as the original. The disclosure and use of Confidential Material shall be confined to the permissible disclosures and uses set forth below, and

in no event shall a Party make any disclosure or use of Confidential Material unless it is reasonably necessary to effectively prosecute their respective claims and defenses in this Action. All other disclosure and use of Confidential Material during the pendency of this Action or after its termination is hereby prohibited.

9. Confidential Material may be disclosed only to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses:

    a. Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing this Action;

    b. Counsel of record, their associated attorneys, and support staff; including paralegal and secretarial personnel;

    c. Experts and consultants (including their employees) who are retained by a Party to assist in the litigation of this Action;

    d. Third-party contractors and their employees who are retained by one or more Parties to provide litigation-support or copy services in connection with the litigation of this Action;

    e. Witnesses or prospective witnesses in this Action;

    f. Court reporters and other persons involved in recording deposition testimony in this Action;

    g. Court personnel, the United States District Court for the Central District of California, or, if on appeal, of a court with appellate jurisdiction; and

    h. Jurors in this action.

Counsel for each Party disclosing Confidential Material in accordance with this paragraph shall advise each person to whom such disclosure is made (except Court personnel and jurors) of the terms of this Protective Order and of the obligation of each such person to comply with those terms. Each Party retaining such experts and/or consultants will be responsible to ensure that they have read the terms of this

Protective Order and have had an opportunity to ask about their obligations with those terms. Counsel shall require that each such person sign an agreement to be bound by the Protective Order, which is attached hereto as Exhibit A. Counsel shall maintain a list of persons to whom confidential materials are disclosed (excluding jurors and Court personnel). The list of those designated experts who have signed onto this Confidentiality Order will not be provided to the opposing side until such time as the Court designates the expert disclosure deadline. Any non-disclosed consultants' protective orders will be kept by the respective retaining side's attorneys in observance of the attorney work product privilege and only with good cause shown and Court Order will this list be disclosed to the opposing side. Upon learning of any disclosure of Confidential Material to any person not authorized by this paragraph to receive Confidential Material, the Party who so learns shall immediately (i) inform in writing the Party from which the Confidential Material was originally received of such disclosure, including to whom the material was disclosed, and (ii) take all necessary steps to retrieve as soon as possible each and every copy of all Confidential Material from the unauthorized person and any person to whom the unauthorized person disclosed the Confidential Material.

10. Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of Confidential Material originally received from another Party, it will give sufficient notice to allow that Party a reasonable opportunity to intervene to oppose such production. Any person to whom confidential materials are provided under Paragraph 9, except for court personnel or jurors, shall also be bound by this term.

11. Disclosure of Confidential Material in accordance with paragraph (8) above shall not effect, nor shall it be deemed to effect, a waiver of the attorney-client privilege, the work-product immunity, or any other privilege or immunity from disclosure to which such Confidential Material may be entitled, whether in this Action among the Parties herein or in any other action or as to any non-party.

12. Should any Party to whom Confidential Material is disclosed object to the designation of that material as proprietary, confidential, or otherwise protected, it shall make a good-faith effort to resolve the dispute informally with the disclosing Party. Except where good cause is shown, all objections to the designation of documents as Confidential Material must be interposed in writing, describing the challenged documents by bates number, no later than 60 days before trial, or such objections shall be deemed waived. Should the Parties be unable to resolve the dispute, the Party opposing the inclusion of such material under this Protective Order, within thirty days from receipt of the letter challenging the confidentiality of any documents, may apply to the Court by motion for a ruling that the information should not be entitled to protection under this Protective Order by way of formal motion in compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). The Party designating the material as confidential shall have the burden of proving that said material is subject to protection. Until such time as the Court rules on the motion, the material that is the subject of the dispute shall continue to be subject to this Protective Order. In no circumstance may challenges to designations of Confidential Material be made after this case is finally determined as to the challenging party.

13. The inadvertent production by any party in the course of discovery in these proceedings of a document subject to a claim of privilege, work product, or other statutory or court-ordered confidentiality, will not result in a waiver of any of the foregoing protections, whether in these or any other proceedings, for the produced document or any other withheld document covering the same or similar subject matter.

14. Confidential Material shall be used (if otherwise relevant and admissible) solely in this Action for discovery purposes in accordance with the provisions of this Protective Order, and such Confidential Material shall not be used

1 in any other legal action or proceeding or for any other purpose without further order
2 of this Court.

3       15.   Confidential Material may be provided to the Court in connection
4 with any pleading, motion, or other paper filed with the Court in this Action. The
5 Party providing such Confidential Material to the Court shall mark one of the legends
6 set forth in Paragraph 3 above on each page of the filing that contains such material.
7 Any pleading, motion, or other paper filed with the Court containing Confidential
8 Material shall be filed with the Clerk of the Court following Local Rule 79-5. Such
9 papers filed under seal shall not be unsealed or made a part of the public record except
10 by further order of this Court.

11       16.   If during the course of document production it becomes known that
12 certain Confidential Material has been produced inadvertently, such inadvertent
13 production does not waive any privilege or claim of confidentiality that a Party may
14 possess as to that Confidential Material. The Party who receives any Confidential
15 Material shall notify the Party who produced those documents within fourteen days of
16 first discovering such inadvertent disclosure. That Party shall also not make any
17 reproductions of any form of those documents, and if any reproductions were made
18 prior to discovery of the documents confidentiality, that Party shall return any copies
19 along with the original to the producing Party. Under no circumstances shall any
20 Party use information obtained through an inadvertent disclosure to its benefit or the
21 producing Party's detriment. Further, any Party who discloses any information
22 contained in inadvertently produced Confidential Material to any person not a Party to
23 or covered under this Protective Order shall be deemed in violation of this Protective
24 Order. A party may oppose the designation of documents as inadvertently produced
25 in accordance with the procedure set up in Paragraph 12 above, except that the party
26 opposing such designation must do so within 30 days of being notified by the
27 producing party of the inadvertent production.
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

If a producing Party discovers that it has inadvertently produced confidential documents to another Party, it shall within fourteen days of such discovery ask for the return of such documents, including any copies, from the Party who inadvertently received any confidential document. Failing to make a timely request shall be deemed a waiver of any privilege or confidence as to those documents.

17. The use in this litigation of a confidential document by the disclosing party shall not constitute a waiver of confidentiality. Other uses or disclosures of confidential documents may or may not create a waiver, depending on applicable law.

18. Upon written demand by a Party, to be made within thirty days after the final determination of this Action or all related actions, as defined previously, as to the party to whom the documents were produced and, for material not specific to a particular case, the final determination of any other action of which the same counsel is counsel of record counsel of record for each Party receiving Confidential Material shall assemble and return all such material to the disclosing Party or, alternatively, shall immediately destroy all such material. All attorneys of record shall, within forty-five days of an initial written demand under this paragraph, certify that all Confidential Material, including any such material disclosed to any other entity, has been returned or destroyed. The sole exception to the requirements described above is that information that has been incorporated into attorney work product or other privileged documents need not be returned or destroyed. Such information shall be retained by the person to whom the information was produced, and shall be treated as Confidential Material in accordance with this Order.

19. Each Party shall retain all rights and remedies available to it under the law for the enforcement of this other against anyone who violates it.

20. The restrictions of this Protective Order shall continue to apply after this case is finally determined and the Court shall retain jurisdiction for all purposes in connection therewith.

Dated: February 17 , 2017        McCUNE WRIGHT AREVALO LLP

By   */s/ Kristy M. Arevalo*
   Kristy M. Arevalo

*Attorney for Plaintiff Howard Hill*

Dated: February 17, 2017        REED SMITH LLP

By   */s/ Michelle L. Cheng*
   Michael K. Brown
   Marilyn A. Moberg
   Michelle L. Cheng

*Attorneys for Defendants Davol Inc., Bard Devices, Inc. and C. R. Bard, Inc.*

IT IS SO ORDERED:

Dated: February 21, 2017

The Honorable Otis D. Wright,
United States District Court

# ATTACHMENT A
## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____ [Name – Print or Type], have been given and read a copy of Stipulated Protective Order, dated _____, in this case, *Hill v. Davol, Inc., et al., Case No. 5:16-CV-01759-ODW-KK* United States District Court for the Central District of California.

I understand and will strictly adhere to the contents of said order. I understand that produced material disclosed to me is subject to the order of the United States District Court for the Central District of California, and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court order. I understand that unauthorized disclosure of the stamped confidential information may constitute contempt of court and agree to be subject to personal jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the order, and any contempt proceeding that may be instituted for alleged violation thereto. I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said order, is a prerequisite to my review of any produced document and materials.

[Date] _____

[Name]_____

[Signature]_____

– 9 –
[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION